IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| RUTH WHITNAH, | ) | |
| | ) | |
| Plaintiff, | ) | CV 05-00006-PA |
| | ) | |
| v. | ) | |
| | ) | |
| BAKER COUNTY, a county of the State of Oregon, FRED WARNER, JR., CARL STIFF, M.D., and TIM KERNS, | ) ) ) ) ) | **ORDER** |
| | ) | |
| Defendants. | ) | |

**PANNER, J.**

Plaintiff Ruth Whitnah brings this employment discrimination action against defendants Baker County and Baker County Commissioners Fred Warner, Jr., Dr. Carl Stiff, and Tim Kerns. Pursuant to Federal Rule of Civil Procedure 68, this court entered judgment for plaintiff of $40,000, plus reasonable costs and attorney's fees to be determined.

Plaintiff now seeks $9,700.50 in costs and attorney's fees.

1 - ORDER

Defendants object to $2,362.75 of that amount.[1] I award plaintiff $8,200.50 in costs and attorney's fees.

## BACKGROUND

Plaintiff worked full-time for Baker County as director of Communications on Children and Families and as director of the Baker County Health Department. To help reduce costs, plaintiff agreed with Baker County to retire effective April 30, 2003, and to be rehired as a part-time employee effective May 1, 2003. On April 11, 2003, plaintiff and Baker County entered into a memorandum of understanding (MOU) regarding this agreement. The MOU provided that plaintiff "will serve at the pleasure of the Board of Commissioners, and that this MOU does not provide any additional assurances of employment beyond those accorded to management employees currently employed by Baker County." Furnanz Aff., Ex. A, ¶ 5.

Baker County's personnel policies provided that none of its provisions "will be deemed to create a vested contractual right in any employee." Id., Ex. E, at 3. The County's policies also provided that "unrepresented and management employees shall serve at the pleasure of the Board of Commissioners or other elected officials by whom they are employed. Although such employment

---

[1]Defendants also objected to the fee petition as untimely. I allowed plaintiff to file a late petition because the delay occurred while the parties were unsuccessfully attempting to agree on the amount of fees.

2 - ORDER

relationship does not provide any property right to employees, it is the policy of the County that all employees shall be afforded due process prior to any discipline greater than a written warning or reprimand is imposed." Id., at 4.

Plaintiff was terminated in February 2004. Plaintiff's attorney, Katelyn S. Oldham, represented her during the post-termination proceedings conducted by the County. After Baker County denied plaintiff the relief she requested, plaintiff filed this action.

Effective March 3, 2005, the parties agreed under Federal Rule of Civil Procedure 68 to entry of judgment awarding plaintiff $40,000, with no admission of fault by defendants. The amount of attorney's fees due plaintiff was left unresolved. Plaintiff requests attorney's fees for 18.8 hours at $125 per hour and 33.3 hours at $175 per hour, plus costs, for a total of $9,700.50.

## STANDARDS

To determine a reasonable attorney's fee, the court should first calculate the lodestar amount, which is the number of hours reasonably spent on the litigation multiplied by reasonable hourly rates. McGrath v. County of Nevada, 67 F.3d 248, 252 (9th Cir. 1995). The court must exclude hours that were not reasonably expended. Id. The party seeking fees has the burden of showing that the time spent was reasonably necessary to the

successful prosecution of the party's claims. <u>Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc.</u>, 886 F.2d 1545, 1557 (9th Cir. 1989).

After calculating the lodestar amount, the court should then "assess whether the presumptively reasonable lodestar figure should be adjusted on the basis of <u>Kerr</u> factors not already subsumed in the initial calculation." <u>McGrath</u>, 67 F.3d at 252 (citing <u>Kerr v. Screen Extras Guild, Inc.</u>, 526 F.2d 67, 70 (9th Cir. 1975)[2]). The lodestar amount is presumptively reasonable, and the court may use a multiplier to increase or decrease the lodestar amount only in "'rare' and 'exceptional' cases, supported by both 'specific evidence' on the record and detailed findings" that the lodestar amount is unreasonably low or high.

---

[2]The <u>Kerr</u> factors are: (1) the time and labor required; (2) the novelty and difficulty of the issues; (3) the skill required; (4) the preclusion of other employment by the attorney; (5) the customary fee; (6) the contingent or fixed nature of the fee; (7) the time limits imposed by the client or circumstances; (8) the amount involved and result obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the attorney's professional relationship with the client; and (12) awards in similar cases. <u>Kerr</u>, 526 F.2d at 70. Several <u>Kerr</u> factors are subsumed in the lodestar calculation, including the novelty and complexity of the issues, the special skill and experience of counsel, the quality of the representation, the results obtained, and the contingency of the fee. <u>Morales v. City of San Rafael</u>, 96 F.3d 359, 363-64 & n.9 (9th Cir. 1996), <u>amended on other grounds</u>, 108 F.3d 981 (9th Cir. 1997). The subsumed factors "may not act as independent bases for adjustment of the lodestar." <u>Cunningham v. County of Los Angeles</u>, 879 F.2d 481, 487 (9th Cir. 1989).

4 - ORDER

Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 478 U.S. 546, 565 (1986) (citing Blum v. Stenson, 465 U.S. 886, 898-901 (1984)).

A district court has considerable discretion in determining a reasonable fee award. Webb v. Ada County, 195 F.3d 524, 527 (9th Cir. 1999). Even when the opposing party does not make specific objections, the court has an independent duty to determine whether a fee request is reasonable. Gates v. Deukmejian, 987 F.2d 1392, 1401 (9th Cir. 1992).

**DISCUSSION**

Defendants do not object to the hourly rates sought by plaintiff. I find that the requested hourly rates are reasonable in light of Oldham's experience and the current Portland market.

Defendants also do not object to the number of hours requested by plaintiff for the work at the state Bureau of Labor and Industries and in this court. I have reviewed Oldham's time sheets for these issues and find that the hours requested are reasonable, with the exception noted below.

Defendants do object to the hours requested for work on plaintiff's post-termination proceedings before Baker County. Defendants argue that an attorney's presentations to an employer, as opposed to presentations to an outside entity for legal relief, should not be compensable. Defendants also argue that even if this pre-litigation work was useful to later proceedings,

including work on a summary judgment motion (never filed because the parties settled), plaintiff had no viable claim for procedural due process violations.

I agree with defendants that plaintiff did not have a viable procedural due process claim. To prevail on such a claim, a plaintiff must establish that she had a protected property interest in her position. See Koepping v. Tri-County Metropolitan Transp. Dist., 120 F.3d 998, 1005 (9th Cir. 1997). "Under Oregon law, public employee tenure rights arise solely from statutes or regulations adopted pursuant to them." Id. (citation omitted). Here, Baker County's personnel policies expressly disclaimed that employees had any property interest in continued employment, despite the allowance of post-termination hearings. Such disclaimers are valid under Oregon law. See Lawson v. Umatilla County, 139 F.3d 690, 693-94 (9th Cir. 1998).

Because plaintiff had no chance of success on her procedural due process claim, I find that the work on this issue is not compensable. Such work would include some of the time spent representing plaintiff at the post-termination proceedings, as well as the time spent researching the procedural due process claim for the summary judgment motion. However, some work on the post-termination proceedings was useful to the litigation. I deduct $1,500 from the amount requested.

I have examined the costs requested by plaintiff and find

them reasonable.

## CONCLUSION

Plaintiff is awarded $8,200.50 in costs and attorney's fees.

DATED this 20 day of July, 2005.

OWEN M. PANNER
U.S. DISTRICT COURT JUDGE

7 - ORDER